UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISON
CIVIL ACTION NO.: 3:16-cv-845-MOC-DCK

| | | |
|---|---|---|
| WANDA M. PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | **CONSENT PROTECTIVE** |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| NON-PROFIT INDUSTRIES, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of counsel, and deeming it just and proper to do so, the Court enters the following Order:

This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL."

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein means: Any health/medical information, tax, or confidential wage and pay/economic information.

2. The documents and information produced by the parties that contain confidential information shall be marked "CONFIDENTIAL" by the parties. The confidential documents shall be disclosed only for official use in this action, and for no other purpose.

3. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

(A) The Court;

(B) Counsel for the parties to this action, their legal assistants and other staff members and employees;

(C) Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at trial of this action;

(D) Court reporters or videographers engaged to record depositions, hearings or trials in this action; and

(E) Outside companies engaged by counsel for the parties to photocopy such documents.

4. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 3 (A), (B), (C), (D), and (E) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

b. Prior to making disclosures to persons involved in this litigation, counsel shall inform each such person that the CONFIDENTIAL INFORMATION may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving CONFIDENTIAL INFORMATION do not use or disclose such information for any purpose other than this litigation.

5. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

6. No CONFIDENTIAL DOCUMENTS produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

7. If any such confidential documents or information are used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum,

pleading or other paper filled with the court, the deposition transcript, filing or paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicated that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

    8. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

    9. The inadvertent, unintentional or in camera disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

    10. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of CONFIDENTIAL INFORMATION received from counsel pursuant to this Order, shall return the CONFIDENTIAL INFORMATION to the covered entity or destroy any and all copies of CONFIDENTIAL INFORMATION, except that counsel are not required to secure the return or destruction of CONFIDENTIAL INFORMATION submitted to the court.

    SO ORDERED.

Signed: July 14, 2017

David C. Keesler
United States Magistrate Judge

STIPULATED AND AGREED TO:

/s?Michael C. Harman                         /s/ Thomas F. Loflin, III

Michael C. Harman                            Thomas F. Loflin III
Harman Law, PLLC                             Law Offices of Thomas F. Loflin III
8712 Lindholm Drive, Ste 300                 123 Orange Street
Huntersville, NC 28078                       PO Box 1315
(P) 704-885-5550                             Durham, NC 27702
(F) 704-885-5551                             (P) 919-682-0383
Michael@HarmanLawNC.com                      (F) 919-682-0385
*Attorney for Plaintiff*                     loflin.law@frontier.com
                                             *Attorney for Defendant*